UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

=+========================

UNITED STATES OF AMERICA,:
:    CRIMINAL NO. 23-cr-828 (MAS)
    Plaintiff,   :
:    Criminal Action
v.                  :

DAVID BUTLER,        :

    Defendant.     :
==========================

**LEGAL BRIEF OF DEFENDANT DAVID BUTLER IN SUPPORT**

**OF HIS MOTION TO WITHDRAW HIS GUILTY PLEA**

Vincent J. LaPaglia, Esq.
Attorney I.D. 012771976
51 Newark Street
Suite 308
Hoboken, NJ 07030
201-222-6615
201-222-6318 fax
vjl@vlapaglialaw.com

On the Brief:
Vincent J. LaPaglia, Esq.
Attorney for David Butler

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES | |
| PRELIMINARY STATEMENT | 1 |
| LEGAL STANDARD | 2 |
| LEGAL ARGUMENT | |
|     POINT I | |
|     DEFENDANT BUTLER'S MOTION SHOULD BE GRANTED BECAUSE HE CAN SHOW FAIR AND JUST REASONS FOR REQUESTING THE WITHDRAWAL | 4 |
| CONCLUSION | 7 |

## TABLE OF AUTHORITIES

|  | PAGE |
|---|---|
| **UNITED STATES CONSTITUTION** | |
| U.S. Const. Amend. VI | 5 |
| **CASES** | |
| Adams v. United States ex rel. McMann, 317 U.S. 269 (1942) | 5 |
| Hill v. Lockhart, 474 U.S. 52 (1985) | 3,6,7 |
| Lafler v. Cooper, 132 S.Ct. 1376 (2012) | 3,5,7 |
| McMann v. Richardson, 397 U.S. 759 (1970) | 4,6 |
| Strickland v. Washington, 466 U.S. 668 (1984) | 3,4,5,6 |
| United States v. Brown, 250 F.3d 811 (3d Cir. 2001) | 2 |
| United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992) | 3 |
| United States v. Huff, 873 F.2ed 709 (3rd Cir. 1989) | 2 |
| United States v. Jones, 336, F.3d 245 (3d Cir. 2003) | 2,3 |
| **RULES** | |
| FRCRP 11(d)(2)(B) | 1,2,5,7 |

**PRELIMINARY STATEMENT**

This Motion is brought before the Court by defendant David Butler pursuant to Federal Rule of Criminal Procedure 11(d) which allows a defendant to bring a motion to withdraw a guilty plea after the Court accepts the plea but prior to imposition of a sentence, if the defendant can show a fair and just reason for requesting the withdrawal. FRCRP 11(d)(2)(B).

On June 5, 2024, defendant Butler pled guilty to Counts 2, 3 and 4 of the within Indictment. Butler always maintained his innocence on Count 1 and indeed rejected a prior plea which included a guilty plea on that count. What was not explained to him fully was that the new plea with an acknowledgment of relevant conduct was effectively a plea to the conspiracy count.

If defendant Butler had known the full consequences of his guilty plea, he would have never pled guilty to the "relevant conduct." Thus, he did not make a voluntary and intelligent choice when he pled guilty. It is therefore fair and just for the Court to grant the within Motion and allow defendant Butler the opportunity to go to trial.

The government will not be prejudiced by the withdrawal of defendant's guilty plea, since defendant Butler is moving so swiftly to withdraw it. Butler has not yet been sentenced. This is not a case where a defendant is seeking a new trial after the government expended significant resources trying the

1

case.

Under all the circumstances, it would be fair and just for this Court to grant defendant Butler's Motion to Withdraw his plea agreement so that he may exercise his right to trial.

## LEGAL STANDARD

A defendant may withdraw his guilty plea after the Court accepts the plea, but before it imposes a sentence, if the defendant can show a fair and just reason for requesting the withdrawal. FRCRP 11(d)(2)(B).

There is a three-factor test which must be considered by the Court when evaluating such a motion: (1) whether the defendant asserts his innocence; (2) the strength of defendant's reasons for withdrawal of the plea; and (3) whether the government will be prejudiced by the withdrawal. United States v. Jones, 336 F.3d 245 (3d Cir. 2003), citing United States v. Brown, 250 F.3d 811 (3d Cir. 2001), see also United States v. Huff, 873 F.2d 709, 711 (3d Cir. 1989).

A defendant seeking to withdraw a guilty plea must "give sufficient reasons to explain why contradictory positions were taken before the Court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." United States v. Jones, supra. 336 F.3d at 253.

A guilty plea must represent a "voluntary and intelligent choice among the alternative courses of action open

2

to the defendant." Hill v. Lockhard, 474 U.S. 52, 56 (1985).

A Court may permit a defendant to withdraw his guilty plea if it is involuntary due to ineffective assistance of counsel. "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in Strickland prejudice…" Lafler v. Cooper, 132 S.Ct. 1376, 1386 (2012).

To be successful on a Motion to Withdraw a guilty plea, a defendant must show (1) his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) he suffered sufficient prejudice from his counsel's errors. United States v. Jones, 336 F.3d at 253-254, *citing* United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992); *see also* Strickland v. Washington, 466 U.S. 668, 687-697 (1984).

"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, *supra*. 466 U.S. at 694.

> "An ineffective assistance claim asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice is somewhat lower. The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair even if the errors of counsel

3

cannot be shown by a preponderance of the evidence to have determined the outcome." Id.

There are no "mechanical rules" when deciding a Motion to Withdraw a guilty plea based on ineffective assistance of counsel. The ultimate focus "must be on the fundamental fairness of the proceeding whose result is being challenged. Id. at 696.

## LEGAL ARGUMENT

### POINT I

**DEFENDANT BUTLER'S MOTION SHOULD BE GRANTED BECAUSE HE CAN SHOW FAIR AND JUST REASONS FOR REQUESTING THE WITHDRAWAL**

Defendant Butler suffered ineffective assistance of counsel, and as a result he pled guilty to offenses which he did not commit. Relying on the advice of his attorney, defendant Butler answered "yes" to his attorney's questions. Defendant Butler would have never pled guilty had he known the full consequences of his guilty plea, i.e. that his admitting to the relevant conduct of the conspiracy was the same as pleading guilty to the conspiracy.

A defendant may withdraw a guilty plea if his attorney was not "reasonably competent" and the advice given to the defendant was outside of the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, supra. 466 U.S. at 688; citing McMann v. Richardson, 397 U.S. 759, 770 (1970).

4

Since defendant Butler was not made aware of the full consequences of his guilty plea, his choice to plead guilty was neither intelligent nor voluntary. Consequently, fairness and justice require the within Motion to be granted under FRCRP 11(d)(2)(B).

In his Declaration, defendant Butler asserts his actual innocence of the conspiracy count.

Defendant Butler did not enjoy effective assistance of counsel during the pleading stage of his case, or at his plea hearing because he was not apprised of the legal effect of "relevant conduct" that he agreed to. Thus, the guilty plea should be withdrawn.

"The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled." Strickland v. Washington, supra. 466 U.S. at 466; citing Adams v. United States ex rel. McMann, 317 U.S. 269 (1942); see also U.S. Const. Amend. VI.

The Sixth Amendment right to counsel "…applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice." Lafler v.

5

Cooper, *supra*. 132 S.Ct. at 1385.

However, Courts have long recognized that the right to counsel is not enough; defendant have the right to *effective* assistance of counsel. Strickland v. Washington, *supra*. 466 U.S. at 466; *citing* McMann v. Richardson, *supra*. 397 U.S. n. 14.

In the present matter, defendant Butler did not have effective assistance of counsel. Rather, Butler's counsel gave him at best incomplete advice which led to an unintelligent guilty plea. Accordingly, the guilty plea must now be withdrawn.

A defendant may withdraw a guilty plea if his attorney was not "reasonably competent" and the advice given to the defendant was outside of the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, *supra*. 466 U.S. at 688; *citing* McMann v. Richardson, *supra*. 397 U.S. at 770.

"In every case, the Court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Strickland v. Washington, *supra*. 466 U.S. at 696.

Defendant Butler would have never pled guilty to offenses that he did not commit if he understood the full weight of his guilty plea.

"In Hill, when evaluating the petitioner's claim that

6

ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show 'that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." Lafler v. Cooper, supra. 132 S.Ct. at 1385, quoting Hill v. Lockhart, supra. 474 U.S. at 59.

In the current case, defendant Butler explained in his Declaration that he would have never plead guilty to conspiracy "relevant conduct" when he maintained he was never in a conspiracy. Instead, he would have gone to trial, and so he requests the right to a trial now.

## CONCLUSION

For the reasons stated above, defendant Butler respectfully requests that this Court grants the within Motion to withdraw his guilty plea in accordance with FRCRP 11(d)(2)(B) in the interest of fairness and justice.

Respectfully Submitted,

/s/ Vincent J. LaPaglia
VINCENT J. LA PAGLIA
ATTORNEY FOR DEFENDANT
DAVID BUTLER

DATED: SEPTEMBER 26, 2025

7