UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

=+========================

UNITED STATES OF AMERICA,:
                      :    CRIMINAL NO. 23-cr-828 (MAS)
     Plaintiff,     :
                          Criminal Action
v.                  :

DAVID BUTLER,        :
                        CERTIFICATION OF DEFENDANT
     Defendant.    :    DAVID BUTLER
==========================

DAVID BUTLER, being duly sworn, according to law, upon his oath certifies as follows:

1. I am the defendant in the within matter and am fully familiar with the facts herein.

2. On June 5, 2024, I pled guilty to Counts 2, 3 and 4 of the Indictment and the U.S. Attorney's Office would at sentencing dismiss Count 1.  The plea transcript is attached hereto as EXHIBIT A.

3. Count 1 of the Indictment alleged I was in a conspiracy to distribute and possess CDS  with intent to distribute CDS. I have always maintained my innocence on that Count.

4. Counts 2, 3 and 4 charge me with possession of CDS on those defined dates with intent to distribute same.  Those charges I still wish to enter a guilty plea.

5. On January 26, 2024, I was offered a plea to all four Counts of the Superseding Indictment, but I rejected that plea

1

because I have maintained my innocence on the conspiracy count. The plea is attached as EXHIBIT B.

6.    On May 17, 20224, I was offered a new plea to the three (3) substantive counts with Count 1, the conspiracy, to be dismissed. On May 22, 2024, I accepted that plea.

7.    What was not explained to me and what I did not realize is that in Schedule A 1(a) the "relevant conduct" stated was in essence me pleading guilty to the conspiracy count.

8.    Upon reading my PSR, I realized that there was no difference between the plea I rejected and the plea I accepted as I was to be sentenced on drug weight in the conspiracy count. When I realized that, I filed for a change of attorney. See Document 62 on ECF, a copy of which is attached as EXHIBIT C.

I **HEREBY CERTIFY** that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DAVID BUTLER

DATED: September 26, 2025

# EXHIBIT A

1           **UNITED STATES DISTRICT COURT**
2           **FOR THE DISTRICT OF NEW JERSEY**

3    _____

4    UNITED STATES OF AMERICA                    **CRIMINAL NUMBER:**

5                   -vs-                         **3:23-cr-00828-MAS-1**

6    DAVID BUTLER,
                                                 **CHANGE OF PLEA AND**
7              **Defendant.**                    **BAIL HEARING**

8    _____
             Clarkson S. Fisher Building & U.S. Courthouse
9            402 East State Street
             Trenton, New Jersey 08608
10           June 5, 2024
             2:10 p.m.

11   **B E F O R E:**          THE HONORABLE MICHAEL A. SHIPP
                               UNITED STATES DISTRICT JUDGE
12

13   **A P P E A R A N C E S:**

14      OFFICE OF THE UNITED STATES ATTORNEY
        BY: JOHN MEZZANOTTE, ASST. UNITED STATES ATTORNEY
15      970 Broad Street, Suite 700
        Newark, NJ 07102
16      For the Government

17      ARLEO & DONOHUE
        BY: TIMOTHY DONOHUE, ESQUIRE
18      622 Eagle Rock Avenue
        West Orange, NJ 07052
19      For the Defendant

20   **A L S O    P R E S E N T:**

21      Edna Galarza, U.S. Pretrial Services

22                 Megan McKay-Soule, Official Court Reporter
                     Megan_McKay-Soule@njd.uscourts.gov
23                        (609) 815-2319

24   Proceedings recorded by mechanical stenography; transcript
            produced by computer-aided transcription.

25

1          (PROCEEDINGS held in open court before The Honorable

2  MICHAEL A. SHIPP, United States District Judge, on June 5,

3  2024, at 2:10 p.m.)

4          THE DEPUTY COURT CLERK:  All rise.

5          THE COURT:  Please be seated.

6          MR. MEZZANOTTE:  Good afternoon, Your Honor.

7  Assistant United States Attorney John Mezzanotte for the

8  United States.

9          THE COURT:  Good afternoon.

10          MR. DONOHUE:  Good afternoon, Your Honor.  Tim

11  Donohue of Arleo & Donohue on behalf of the defendant, David

12  Butler, seated in court to my left.

13          THE COURT:  Good afternoon to you as well.

14      Mr. Donahue, I understand that your client is

15  retracting his not guilty plea and that this matter is now

16  before the Court for a Rule 11 hearing.  Is that correct?

17          MR. DONOHUE:  That is correct, Your Honor.

18          THE COURT:  Okay.  Before swearing in the defendant,

19  Mr. Mezzanotte, can you advise the defendant of the charges

20  and the maximum penalties.

21          MR. MEZZANOTTE:  Yes, Your Honor.  The defendant is

22  presently charged with a four-count indictment.  Count 1

23  charges the defendant with conspiracy to distribute and

24  possess with intent to distribute controlled substances, in

25  violation of Title 21, United States Code, Sections 841(a)(1)

3

1    and (b)(1)(a).  That charge, which the Government is prepared

2    to dismiss pursuant to the plea agreement, carries a mandatory

3    minimum of ten years imprisonment and a maximum of life

4    imprisonment.

5              Counts 2, 3, and 4 of the indictment charge the

6    defendant with distribution and possession with intent to

7    distribute controlled substances, in violation of Title 21,

8    United States Code, Sections 841(a)(1) and (b)(1)(C).  Those

9    charges do not carry a mandatory minimum and they do carry a

10   maximum potential prison sentence of 20 years imprisonment

11   and a maximum potential fine of one million dollars.

12             THE COURT:  James, can you administer the oath to Mr.

13   Butler.

14   (**DAVID BUTLER**, HAVING BEEN DULY SWORN/AFFIRMED, TESTIFIED AS

15   FOLLOWS:)

16             THE DEPUTY COURT CLERK:  Please state your name and

17   the spelling of your last name for the record.

18             THE DEFENDANT:  David Butler, B-U-T-L-E-R.

19             THE COURT:  Thank you.  You can be seated.

20        Mr. Butler, do you understand that you are now under

21   oath and that if you answer any of my questions falsely, you

22   can later be prosecuted for perjury or making false

23   statements?  Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  You've given me your full name.  What is

4

1   your age?

2          THE DEFENDANT:  David Butler.

3          THE COURT:  I said you've given me your full name.

4   I'm asking you, what is your age?

5          THE DEFENDANT:  36.

6          THE COURT:  What's the highest level of education

7   that you've completed?

8          THE DEFENDANT:  9th.

9          THE COURT:  So it's fair to say that you read, write,

10  and otherwise understand English, correct?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Have you had any drugs, alcohol, or any

13  medication within the last 24 hours that might interfere with

14  your ability to understand the proceeding here today?

15         THE DEFENDANT:  No.

16         THE COURT:  Have you received a copy of the

17  indictment pending against you in this case?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Have you had an opportunity to fully

20  discuss the charges and the case in general with your

21  attorney, Mr. Donohue?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Are you fully satisfied with the advice

24  given to you in this case by your attorney?

25         THE DEFENDANT:  Yes.

1      THE COURT:  Is your willingness to plead guilty here

2 today because you are, indeed, guilty?

3      THE DEFENDANT:  Yes.

4      THE COURT:  I want to talk to you about a number of

5 things today.  Some of it may appear a bit redundant, but it's

6 important that I understand that you understand the agreement

7 that you're entering into.  Okay?

8      So let me start with the elements of a jury trial that

9 you are giving up by entering into this plea.  Do you first

10 understand that you have the right to plead not guilty to any

11 offense charged against you?

12      THE DEFENDANT:  Yes.

13      THE COURT:  If you proceeded with a not guilty plea,

14 you would have the right to a trial by jury and the right to

15 the assistance of counsel during that trial.  Do you

16 understand that?

17      THE DEFENDANT:  Yes.

18      THE COURT:  You'd have the right to see and hear all

19 the witnesses and have them cross-examined in your defense.

20 Do you understand that?

21      THE DEFENDANT:  Yes.

22      THE COURT:  You would have the right on your own part

23 to decline to testify unless you voluntarily elected to do so

24 in your own defense.  Do you understand that?

25      THE DEFENDANT:  Yes.

1       THE COURT:  You'd have the right to the issuance of

2    subpoenas or other compulsory process to compel the attendance

3    of witnesses and have them testify in your defense.  Do you

4    understand that?

5       THE DEFENDANT:  Yes.

6       THE COURT:  At trial you would also have the benefit

7    of the presumption of innocence.  What that means is I would

8    inform the injury that you are presumed innocent.  That

9    presumption would stay and remain in place until such time

10   came, if it ever came, where a unanimous jury was satisfied

11   that the Government had proven your guilt beyond a reasonable

12   doubt.  Do you understand this?

13      THE DEFENDANT:  Yes.

14      THE COURT:  At trial you'd have no burden of proving

15   anything, and the sole burden would be upon the Government to

16   prove each and every element of the offenses with which you

17   are being charged.  Do you understand that?

18      THE DEFENDANT:  Yes.

19      THE COURT:  Do you further understand that by

20   entering into a plea of guilty in this matter, if that plea is

21   accepted, that there will be no trial in this case?

22      THE DEFENDANT:  Yes, sir.

23      THE COURT:  Okay.

24      You will have waived or given up all the rights to a

25   jury trial that I just discussed with you.  Do you understand

1  that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Are you a United States citizen?

4          THE DEFENDANT:  Yes.

5          THE COURT:  On the table in front of you, Mr.

6  Donohue, if you can locate this, there should be a copy of a

7  plea agreement, and on page 6 of the plea agreement there's an

8  entire paragraph devoted to immigration consequences that

9  would likely follow if it were to turn out that you were not a

10  United States citizen.  But at this time, I'd like for you to

11  turn page 8 of that agreement.  Is that your signature on page

12  8?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Did you have an opportunity to read and

15  discuss the plea agreement with your attorney before you

16  signed it?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Mr. Mezzanotte, can you summarize the

19  plea agreement for the Court.

20          MR. MEZZANOTTE:  Yes, Your Honor.

21          The parties' plea agreement, dated May 17th of 2024,

22  the parties have stipulated to a specific sentencing range

23  pursuant Federal Rule of Criminal Procedure 11(c)(1)(C).  That

24  range, Your Honor, is 84 to 108 months followed by a term of

25  three years of supervised release.  Pursuant to the plea

1   agreement, if the Court were to reject the plea for the

2   stipulated range, in the plea agreement either party may elect

3   to be relieved of the terms of the agreement.

4        In the event that the Court defers a decision to accept

5   the plea until after the Court has reviewed the presentence

6   investigation report, that the party will remove -- will move

7   to withdraw from this agreement unless or until the Court

8   ultimately determines to reject the proposed plea.

9        The plea agreement provides that if Mr. Butler enters a

10  guilty plea to Counts 2, 3, and 4 of the indictment, criminal

11  number 23-828, and otherwise fully complies with the terms of

12  the agreement, the U.S. Attorneys Office for the District of

13  New Jersey will not initiate any further criminal charges

14  against Mr. Butler from in or around April of 2020 through in

15  or around May of 2023, distributing or possessing with intent

16  to distribute or conspiring with others to distribute or

17  posses with intent to distribute controlled substances.  In

18  addition, if Mr. Butler fully complies with this agreement, at

19  sentencing the Government will move to dismiss Count 1 of the

20  indictment against Mr. Butler.

21       Lastly, Your Honor, the proposed plea agreement

22  contains a certain Schedule A with certain factual

23  stipulations.

24       In addition, as part of his acceptance of

25  responsibility, Mr. Butler agrees to forfeit to the

9

1    United States any and all property constituting or derived

2    from any proceeds Mr. Butler obtained as a result of the

3    violations charged in the indictment.

4            THE COURT:  Mr. Butler, is that an accurate summary

5    of the agreement between you and the United States?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Do you believe that with the assistance

8    of your attorney that you understand each and every term of

9    that agreement?

10            THE DEFENDANT:  Yes.

11            THE COURT:  Has anyone made any other or different

12    promises or assurances to you of any kind to induce you to

13    plead guilty in this case?

14            THE DEFENDANT:  No.

15            THE COURT:  Has anyone attempted to force you to

16    plead guilty?

17            THE DEFENDANT:  No.

18            THE COURT:  You understand that the offense with

19    which you are pleading guilty is a felony offense?

20            THE DEFENDANT:  Yes.

21            THE COURT:  If your plea is accepted, you will be

22    adjudged guilty of that felony offense.  Do you understand

23    that?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Do you understand such an adjudication

10

1    may deprive you of valuable civil rights, to the extent that

2    you have them, such as the right to vote, the right to serve

3    on a jury, the right to hold public office, or the right to

4    own or possess a firearm?  Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  If the Court accepts your guilty plea,

7    all that will be left is sentencing.  Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  The Sentencing Reform Act of 1984

10   provided guidelines for judges to follow in determining a

11   criminal sentence.  Do you understand that these guidelines

12   are advisory and not mandatory?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Do you understand that the sentencing

15   judge may impose a sentence higher or lower than that

16   recommended by the guidelines?

17             THE DEFENDANT:  Yes.

18             THE COURT:  I'm going to next talk to you about the

19   waiver of your rights to appeal.  Do you understand that in

20   the absence of a waiver, the law permits every defendant, such

21   as yourself, the right to file an appeal of a conviction or a

22   sentence if you believe that there is an error?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand that in the absence of

25   a waiver, you have a right, if you believe that there's been

1    an error, to file for collateral challenge to your conviction

2    under 28 U.S.C. 2255?  Do you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Do you understand that as set forth in

5    your plea agreement, if I impose at least 84 months, but not

6    more than 108 months, you cannot file an appeal, motion, writ

7    challenging any component of your sentence?  Do you understand

8    that?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Do you understand as set forth in your

11   plea agreement, if the sentence I impose is at least 84

12   months, that neither you nor the United States can appeal,

13   claiming that I should have accepted your stipulations in your

14   plea agreement?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Okay.  Do you understand that if your

17   term of imprisonment is at least 84 months, but not more than

18   108 months, you will have generally waived your rights to

19   appeal, collaterally attack, or seek to reduce any part of

20   your sentence?  Do you understand that?

21           THE DEFENDANT:  Yes.

22           THE COURT:  There are narrow exceptions to this

23   general waiver.  For example, you can still raise a claim that

24   you received constitutionally ineffective assistance of

25   counsel, and you can also seek to reduce your term of

12

1   imprisonment on the grounds that extraordinary or compelling

2   reasons warrant a reduction?  Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Did you discuss the effect of this waiver

5   of appeal and waiver for your rights to appeal any

6   postconviction relief with your attorney?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Are you satisfied with the explanation

9   that your attorney has provided?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Also in front of you should be a copy of

12   an application for permission to enter into a plea of guilty.

13   Do you recognize that form?

14          MR. DONOHUE:  I'm sorry, Your Honor.  I handed that

15   up to the deputy clerk, so we don't have a copy.  Thank you.

16          THE COURT:  Do you recognize this form, Mr. Butler?

17          THE DEFENDANT:  Yes.

18          THE COURT:  And did you sign the form?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Okay.  Mr. Donohue, do you represent that

21   Mr. Butler indicated his understanding of all the questions on

22   the Rule 11 form and that he signed it voluntarily?

23          MR. DONOHUE:  Yes, Your Honor.

24          THE COURT:  Mr. Butler, you've agreed to plead guilty

25   to Counts 2, 3 and 4 of the four-count indictment, which

1  charges you in Count 2 with distribution and possession with

2  intent to distribute phencyclidine and oxycodone, in violation

3  of 21 U.S.C. 841(a)(1).  In Count 3, distribution and

4  possession with the intent to distribute phencyclidine, in

5  violation of 21 U.S.C. 841(a)(1) and (b)(1)(C).  In Count 4,

6  distribution and possession with the intent to distribute

7  phencyclidine and oxycodone, in violation of 21 U.S.C.

8  841(a)(1) and (b)(1)(C).  Do you understand that the

9  Government would be required to prove each and every element

10 of the offense with which you are charged if this matter

11 proceeded to trial?

12         THE DEFENDANT:  Yes.

13         THE COURT:  This Court will only accept a guilty plea

14 if there's a basis in fact for the crime.

15      So at this time, Mr. Mezzanotte, the Court's going to

16 ask you to please elicit the factual basis for Mr. Butler.

17         MR. DONOHUE:  Your Honor, just because we got this

18 late, there was a couple of slight changes to the June 3rd

19 plea memo that Your Honor received.  Mr. Mezzanotte and I have

20 gone over, reviewed it, and I've gone over it with Mr. Butler.

21 So it may not match identically to what you have in front of

22 you.  I want you to be aware of that.

23         THE COURT:  Thank you, Mr. Donohue.

24         MR. MEZZANOTTE:  Thank you, Your Honor.

25      Mr. Butler, on or about February 21st, 2023, in Newark,

1  New Jersey, did you knowingly and intentionally possess and

2  attempt to distribute using the United States Postal Service a

3  parcel containing approximately 12.53 grams of a substance

4  containing phencyclidine, and approximately 43 ten milligram

5  tablets of a substance containing oxycodone hydrochloride to

6  another individual at an address in Jonesboro, Georgia.

7          THE DEFENDANT:  Yes.

8          MR. MEZZANOTTE:  On or about March 22nd, 2023, in

9  East Orange, New Jersey, did you knowingly and intentionally

10 possess and attempt to distribute using the United States

11 Postal Service a parcel containing approximately 25.18 grams

12 of a substance containing phencyclidine to another individual

13 at an address in Atlanta, Georgia?

14         THE DEFENDANT:  Yes.

15         MR. MEZZANOTTE:  On or about April 11th, 2023, in

16 Newark, New Jersey, did you knowingly and intentionally

17 possess and attempt to distribute, using the United States

18 Postal Service, a parcel containing approximately 23.54 grams

19 of a substance containing phencyclidine and approximately 16

20 grams of oxycodone hydrochloride to another individual at an

21 address in Atlanta, Georgia?

22         THE DEFENDANT:  Yes.

23         MR. MEZZANOTTE:  At the time that you possessed and

24 attempted to distribute the substances previously described,

25 did you know that they were controlled substances?

1          THE DEFENDANT:  Yes.

2          MR. MEZZANOTTE:  Do you agree, based on laboratory

3    reports in this case, that the substances you possessed and

4    attempted to distribute, as just discussed, did, in fact,

5    contain phencyclidine and oxycodone hydrochloride as charged

6    in Counts 2, 3, and 4 of the indictment?

7          THE DEFENDANT:  Yes.

8          MR. MEZZANOTTE:  From in or around April of 2020,

9    through in or around May of 2023, did you conspire with others

10   to distribute and possess with intent to distribute controlled

11   substances?

12         THE DEFENDANT:  Yes.

13         MR. MEZZANOTTE:  Are you pleading guilty to the

14   crimes charged in Counts 2, 3, and 4 of the indictment because

15   you are, in fact, guilty?

16         THE DEFENDANT:  Yes.

17         MR. MEZZANOTTE:  Your Honor, the Government

18   represents to the Court that if this matter were to have

19   proceeded to trial the Government could prove each and every

20   element of the crimes charged in Counts 2, 3, and 4 of the

21   indictment beyond a reasonable doubt on the basis of

22   independent evidence, including witness testimony, expert

23   testimony, physical evidence, and laboratory testing results.

24         The Government further represents that it could prove

25   beyond a reasonable doubt that the substances that the

1  defendant possessed on or about February 21st, 2023, March

2  22nd, 2023, and April 11th, 2023, did, in fact, contain

3  phencyclidine and oxycodone hydrochloride as charged in

4  Counts 2, 3, and 4 of the indictment.  Together with the

5  Government's representations, it's the Government's position

6  that the defendant's responses to the prior questions provide

7  a sufficient factual basis to accept his guilty plea to Counts

8  2, 3, and 4 of the indictment.

9          THE COURT:  Thank you.

10         Mr. Butler, how do you now plead to the charge, guilty

11 or not guilty?

12         THE DEFENDANT:  Guilty.

13         THE COURT:  It is the finding of the Court in the

14 case of the United States vs. David Butler that the defendant

15 is fully competent and capable of entering an informed plea;

16 that the defendant is aware of the charges and the

17 consequences of the plea; and that the plea of guilty is

18 knowing and voluntary, supported by an independent basis in

19 fact containing each of the essential elements of the offense.

20 The Court understands that the parties have entered into a

21 Rule 11(c)(1)(c) plea agreement and will, however, defer its

22 decision to accept the stipulated terms of the agreement until

23 it has an opportunity to review the final presentence report.

24         So with that, a written presentence report will be

25 prepared by the probation office to assist me in sentencing.

*United States District Court*
*District of New Jersey*

1   You will be asked to give information for this report.

2   Certainly, your attorney, Mr. Donohue, may be present during

3   this interview.  I strongly urge you to cooperate with

4   probation in the preparation of the report.  You'll have an

5   opportunity to submit any objections to the report prior to

6   sentencing, and at sentencing you'll have an opportunity to

7   speak in mitigation of your sentence.  And, of course, Mr.

8   Donohue will be afforded an opportunity to speak on your

9   behalf.

10          The Court has set a sentencing date of December 3rd,

11  2024, at 3:30 p.m.

12          I understand that the parties also have -- or the

13  defendant has a motion as it pertains to bail and to be heard

14  on short notice for detention.  So let me start by hearing

15  from defense counsel, and I understand the Government is

16  opposing this motion.  Is that correct?

17          MR. MEZZANOTTE:  Yes, Your Honor.

18          THE COURT:  Okay.  Mr. Donohue.

19          MR. DONOHUE:  Your Honor, I'll be brief.  I put

20  everything in the motion, but I wanted the Court to understand

21  that Mr. Butler had requested that I make this application and

22  it's an application that was made previously.

23          THE COURT:  I have it down as having been made like

24  almost four times.

25          MR. DONOHUE:  It has been previously rejected by the

18

1  Magistrate Judge Allen and also by Judge McNulty.  Again, I'll

2  be brief.  The proposal is for him to be released with

3  electronic monitoring with a third party custodian.  He lived

4  with Sonita Baskerville, who I submit is an excellent

5  candidate, gainfully employed at her home in Newark.  She's

6  agreed to be a third-party custodian.  She's willing to cosign

7  any bond.  And he also has another cosigner who, again, is

8  gainfully employed and is willing to do that.

9         I understand that this has been previously ruled on by

10  the Court, but Mr. Butler has now accepted responsibility.  I

11  certainly understand that this is a presumption case, but he

12  would like the opportunity to take care of his affairs before

13  he gets sentenced by Your Honor.  So, respectfully, we submit

14  that bail application.

15         THE COURT:  Thank you.

16      Mr. Mezzanotte.

17      MR. MEZZANOTTE:  Thank you, Your Honor.  The

18  Government opposes the motion.  It has been litigated now

19  three times prior.  The Government sees no reason to revisit

20  those findings from the magistrate court and the district

21  court.

22         The defendant raises no information that did not exist

23  prior to the previous time this was litigated.  So as a matter

24  of law, under Section 3142(f)(2), the hearing should not even

25  be reopened in the Government's -- in the Government's

19

1    position.  Otherwise, the Government relies on the record to

2    establish that there was no condition or combination of

3    conditions to protect the community and to reasonably ensure

4    the defendant's lack of flight.

5            THE COURT:  Okay.  Thank you.

6            I'm going to deny the application.  I'm denying it

7    because it looks like it's been heard three times already, and

8    then a fourth time by telephone conference.  I find that there

9    is nothing that's changed.  There are no changed circumstances

10   here that would warrant the Court to grant such an

11   application.  I also find it's been the exact same bail

12   package.  It's not as if there's a different package for me to

13   consider.  So under the law, I mean, there's really nothing

14   for me to revisit, and, quite frankly, this is probably a

15   matter that really shouldn't even have been granted any kind

16   of hearing.

17           I understand that, certainly, Mr. Butler you would like

18   for the Court to proceed in this fashion, but because nothing

19   has changed and because this has been heard multiple times,

20   I'm going to go ahead and deny this.  With that, it's denied.

21   The defendant is remanded.  That's all we have for today.

22   Thank you.

23           THE DEPUTY COURT CLERK:  All rise.

24           (Court concludes at 2:31 p.m.)

25



1    FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE.

2       - - - - - - - - - - - - - - - - - - - - - - -

3

4       I certify that the foregoing is a correct transcript from

5    the record of proceedings in the above-entitled matter.

6

7

8       I

9

10

11   /S/ Megan McKay-Soule, RDR, CRR    January 9, 2025

12              Court Reporter                        Date

13

14

15

16

17

18

19

20

21

22

23

24

25



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

GMB/PL AGR
2022R00166

*970 Broad Street, 7th floor*      *973-645-2700*
*Newark, New Jersey 07102*

**RECEIVED**

May 17, 2024      JUN 0 5 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - **DNJ**

Timothy R. Donohue, Esq.
Arleo & Donohue, LLC
622 Eagle Rock Ave.
West Orange, New Jersey

23-828 (MAS)

Re:    <u>Plea Agreement with David Butler</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, David Butler ("BUTLER" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **May 24, 2024**, if it is not accepted in writing by that date. If BUTLER does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from BUTLER to Counts Two, Three, and Four of the four-count Indictment, which charges BUTLER with the following: (1) in Count Two, distribution and possession with intent to distribute phencyclidine and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) in Count Three, distribution and possession with intent to distribute phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (3) in Count Four, distribution and possession with intent to distribute phencyclidine and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In addition, if BUTLER fully complies with this agreement, at sentencing, this Office will move to dismiss Count One of the Indictment, Criminal No. 23-828, against BUTLER.

If BUTLER enters a guilty plea and is sentenced on these charges to a term of imprisonment within the range of **84 months to 108 months and three years of supervised release** (the "Stipulated Range"), and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BUTLER for, from in or around April 2020 through in or around May 2023, distributing or

possessing with intent to distribute, or conspiring with others to distribute or possess with intent to distribute, controlled substances.

However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. And, if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BUTLER even if the applicable statute of limitations period for those charges expires after BUTLER signs this agreement, and BUTLER agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, BUTLER may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), BUTLER will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

<u>Sentencing</u>

The violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which BUTLER agrees to plead guilty in Counts Two, Three, and Four of the Indictment each carry a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to $1,000,000.

The prison sentences on Counts Two, Three, and Four may run consecutively to each other or to any other prison sentence BUTLER is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and BUTLER agree that a sentence within the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence BUTLER at least 84 and no more than 108 months' imprisonment and three years' supervised release.

Further, in addition to imposing any other penalty on BUTLER, the sentencing judge as part of the sentence:

(1)    will order BUTLER to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    must order forfeiture, pursuant to 28 U.S.C. § 2461, and 21 U.S.C. § 853;

(3) may deny BUTLER certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(4) pursuant to 21 U.S.C. § 841, must require BUTLER to serve a term of supervised release of at least three years on each of Counts Two, Three, and Four, which will begin at the expiration of any term of imprisonment imposed. Should BUTLER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BUTLER may be sentenced to not more than two years' imprisonment on each of Counts Two, Three, and Four in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

  As part of BUTLER's acceptance of responsibility and pursuant to 21 U.S.C. § 853, BUTLER agrees to forfeit to the United States any and all property constituting or derived from any proceeds BUTLER obtained, directly or indirectly, as the result of the violations charged in the Indictment, and all of BUTLER's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in the Indictment.

  BUTLER further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by BUTLER (the "Money Judgment"). BUTLER consents to the entry of an order requiring BUTLER to pay the Money Judgment and agrees that such Order will be final as to BUTLER prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

  All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating BUTLER's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. BUTLER further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute

assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

BUTLER waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), BUTLER consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to BUTLER prior to the sentencing. BUTLER understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise BUTLER of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. BUTLER further understands that BUTLER has no right to demand that any forfeiture of BUTLER's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon BUTLER in addition to forfeiture.

BUTLER further agrees that, not later than the date BUTLER enters the guilty plea, BUTLER will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If BUTLER fails to do so, or if this Office determines that BUTLER has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BUTLER by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BUTLER's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Defendant will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of

the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Defendant will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1)   Any proceeding to revoke the term of supervised release.

(2)   A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3)   An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

    (4)    Any claim Defendant pursues in an appropriate forum, when permitted by law, that Defendant received constitutionally ineffective assistance of counsel.

## Immigration Consequences

BUTLER understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in BUTLER being subject to immigration proceedings and removed from the United States by making BUTLER deportable, excludable, or inadmissible, or ending BUTLER's naturalization. BUTLER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BUTLER wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause BUTLER's removal from the United States. BUTLER understands that BUTLER is bound by this guilty plea regardless of any immigration consequences. Accordingly, BUTLER waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. BUTLER also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BUTLER. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude BUTLER from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between BUTLER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:    *s/ John Mezzanotte*
John Mezzanotte
Assistant U.S. Attorney

APPROVED:

DESIREE L. GRACE
Chief, Criminal Division

- 7 -

I have received this letter from my attorney, Timothy M. Donohue, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_David Butler_                              Date: 5/22/2024
David Butler


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_Timothy M. Donohue_                        Date: 5/22/2024
Timothy M. Donohue, Esq.
Counsel for Defendant

<u>Rule 11(c)(1)(C) Plea Agreement with David Butler</u>

<u>Schedule A</u>

1. This Office and BUTLER agree to stipulate to the following facts:

 a. From in or around April 2020 through and including May 2023, BUTLER conspired with others to distribute and possess with intent to distribute controlled substances, the total quantity of which was at least 3,000 but less than 10,000 kilograms of converted drug weight.

 b. On or about February 21, 2023, in Newark, New Jersey, BUTLER knowingly and intentionally attempted to ship to another individual a parcel from the Newark Main Post Office containing 12.53 grams of a substance containing phencyclidine and forty-three (43) 10 mg tablets of a substance containing oxycodone hydrochloride to an address in Jonesboro, Georgia.

 c. On or about March 22, 2023, in East Orange, New Jersey, BUTLER knowingly and intentionally attempted to ship to another individual a parcel from the East Orange Post Office containing 25.18 grams of a substance containing phencyclidine to an address in Atlanta, Georgia.

 d. On or about April 11, 2023, in Newark, New Jersey, BUTLER knowingly and intentionally attempted to ship to another individual a parcel from the South Station Post Office in Newark, New Jersey containing 23.54 grams of a substance containing phencyclidine and 440 grams of oxycodone hydrochloride to an address in Atlanta, Georgia.

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7ᵗʰ floor*          973-645-2700
*Newark, New Jersey 07102*

JFM/PL AGR
2022R00166

January 26, 2024

Timothy R. Donohue, Esq.
Arleo & Donohue, LLC
622 Eagle Rock Ave.
West Orange, New Jersey

     Re:   <u>Plea Agreement with David Butler</u>

Dear Counsel:

     This letter sets forth the plea agreement between your client, David Butler ("BUTLER" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **March 8, 2024**, if it is not accepted in writing by that date. If BUTLER does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

     Conditioned on the understandings specified below, this Office will accept a guilty plea from BUTLER to a four-count Superseding Information, which charges BUTLER with the following: (1) conspiracy to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846 (Count One); (2) distribution and possession with intent to distribute phencyclidine and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); (3) distribution and possession with intent to distribute phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three); and (4) distribution and possession with intent to distribute phencyclidine and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Four).

     If BUTLER enters a guilty plea and is sentenced on these charges to at least 84 months' imprisonment and no more than 108 months' imprisonment and four years of supervised release (the "Stipulated Range"), and otherwise fully complies

Plea Agreement with David Butler

Schedule A

1. This Office and BUTLER agree to stipulate to the following facts:

a. From at least as early as in or around August 2022 through in or around May 2023, in the District of New Jersey and elsewhere, BUTLER knowingly and intentionally conspired with others to distribute and possess with intent to distribute controlled substances.

b. The conspiracy to distribute controlled substances in which BUTLER participated included: (i) approximately 159 grams of a substance containing heroin; (ii) approximately 4,103 grams of a substance containing methamphetamine; (iii) approximately 50 grams of a substance containing phencyclidine; and (iv) approximately 870 grams of oxycodone hydrochloride.

c. On or about February 21, 2023, in Newark, New Jersey, BUTLER knowingly and intentionally attempted to ship to a co-conspirator a parcel from the Newark Main Post Office containing 12.53 grams of a substance containing phencyclidine and forty-three (43) 10 mg tablets of a substance containing oxycodone hydrochloride to an address in Jonesboro, Georgia.

d. On or about March 22, 2023, in East Orange, New Jersey, BUTLER knowingly and intentionally attempted to ship to a co-conspirator a parcel from the East Orange Post Office containing 25.18 grams of a substance containing phencyclidine to an address in Atlanta, Georgia.

e. On or about April 11, 2023, in Newark, New Jersey, BUTLER knowingly and intentionally attempted to ship to a co-conspirator a parcel from the South Station Post Office in Newark, New Jersey containing 23.54 grams of a substance containing phencyclidine and 440 grams of oxycodone hydrochloride to an address in Atlanta, Georgia.

2. The parties agree that a term of imprisonment within the range of 84 to 108 months, and four years of supervised release (the "Stipulated Range") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Neither party will argue for a term of imprisonment below 84 months or above 108 months. The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

- 8 -

EXHIBIT C

David Butler
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105



**Re: United States v. David Butler**

To Honorable United States Judge Shipp (U.S.J.S)

I would like a change of counsel due to the reason listed below. I understand ignorance of the law is no excuse for anything. That's why I ask my lawyer questions about my charges and statements made. Due to me looking over my PSI and looking over my plea agreement I think I am being overcharged and my lawyer don't have the answer to the questions that I have. He's pushing me to plead out and holding a career offender over my head if I don't. I know this isn't right and I am asking your Honor to please assist and weight in on this matter. I feel if I was to continue with this plea deal it would put me in a less than ideal situation. So for the reasons stated above a manifest injustice would be the case if I would proceed.

Sincerely,   David Butler

David Butler

Cc: Clerk of Court – Please post a copy of this letter to my docket, unsealed.

David Butler #873140c
354 Doremus Ave.
Newark, NJ, 07105

RECEIVED
JAN 23 2025
AT 8:30 _____ M

DV DANIELS #43  OD
21 JAN 2025  PM 6 L

Honorable Judge Shipp
Clarkson S. Fisher Federal Bldg. U.S
Courthouse
402 E. State St.
Trenton NJ, 08608

08608-1507