**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID BUTLER. | Criminal Action No. 23-828 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant David Butler's ("Defendant") Motion to Withdraw his Guilty Plea, pursuant to Federal Rule of Criminal Procedure 11(d).[1] (ECF No. 66.) The United States of America (the "Government") opposed (ECF No. 69), and Defendant replied (ECF No. 72). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Withdraw his Guilty Plea.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On October 16, 2023, Defendant was charged by Indictment with: (1) conspiracy to distribute methamphetamine, heroin, phencyclidine, and oxycodone contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C), in violation of 21 U.S.C. § 846 ("Count One"); (2) distribution and possession with intent to distribute phencyclidine and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"); (3) distribution and possession with intent

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Criminal Procedure.

to distribute phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Three"); and (4) distribution and possession with intent to distribute phencyclidine and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Four"). (*See generally* Indictment, ECF No. 33.)

Defendant entered into a plea agreement (the "Plea Agreement") with the Government pursuant to Rule 11(c)(1)(C) on May 22, 2024, by which the parties stipulated to a sentence "of imprisonment within the range of 84 months to 108 months and three years of supervised release[.]" (Plea Agreement 1, ECF No. 55.) The Plea Agreement provided that Defendant would plead guilty to Counts Two, Three, and Four of the Indictment, and that the Government would dismiss Count One of the Indictment if Defendant complied with its terms. (*Id.* at 1.) The Plea Agreement contained a Schedule A that included several factual stipulations (the "Relevant Conduct"). (*Id.* at Schedule A.)

On June 5, 2024, the Court convened a change of plea hearing. (ECF No. 53; Ex. A to Def.'s Mot. to Withdraw Plea ("Plea Hr'g Tr."), ECF No. 66-2.) At the hearing, the Court engaged Defendant in a colloquy regarding his decision to enter a plea of guilty and thereafter found that Defendant was: (1) "fully competent and capable of entering an informed plea"; (2) "aware of the charges and the consequences of the plea"; and (3) entering a guilty plea that was "knowing and voluntary" and "supported by an independent basis in fact." (Plea Hr'g Tr. at 4:6-16:19.) The Court, however, deferred its decision to accept the Plea Agreement pending an opportunity to review the final Presentence Report (the "PSR"), which Defendant would have the ability to review and object to in advance of sentencing. (*Id.* at 16:20-23, 17:4-7.)

Defendant's sentencing was scheduled for December 3, 2024. (*Id.* at 17:10-11.) It was subsequently adjourned and following a status conference held on April 10, 2025, Defendant was

appointed new counsel. (ECF No. 63; ECF No. 64.) Defendant, thereafter, filed the instant Motion to Withdraw his Guilty Plea ("Motion to Withdraw"). (Mot. to Withdraw, ECF No. 66.)

## II. LEGAL STANDARD

Rule 11(d)(2)(B) "provides that '[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes [a] sentence if[] . . . the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Wilder*, 134 F. App'x 527, 528 (3d Cir. 2005) (first two alterations in original) (quoting Fed. R. Crim. P. 11(d)(2)(B)). In determining whether a defendant has shown a "'fair and just reason'" for withdrawal, a district court must consider three factors: (1) "whether the defendant asserts his innocence"; (2) "the strength of the defendant's reasons for withdrawing the plea"; and (3) "whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). "This analysis requires that a district court *consider* each factor, but critically, does not make any one mandatory such that failure to establish one will necessarily dictate rejection of the motion." *Wilder*, 134 F. App'x at 528 (emphasis in original).

While "[a] defendant 'bears a substantial burden' in showing that withdrawal of a guilty plea is justified," *United States v. Berkowitz*, No. 22-1967, 2023 WL 2064510, at *3 (3d Cir. Feb. 17, 2023) (citation omitted), the decision "'to grant a motion to withdraw a guilty plea lies within the discretion of the district court[,]'" *United States v. Burrell*, No. 22-294, 2025 WL 639332, at *2 (E.D. Pa. Feb. 27, 2025) (quoting *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019)).

## III. DISCUSSION

Defendant argues that this Court should grant his Motion to Withdraw for the following reasons: (1) he was not apprised of the legal effect of the Relevant Conduct included in Schedule A of the Plea Agreement; (2) his original attorney provided ineffective assistance of counsel which

resulted in Defendant's guilty plea to offenses he did not commit—specifically, to the Relevant Conduct from the conspiracy count; (3) his guilty plea was neither intelligent nor voluntary; and (4) he would not have pled guilty if he understood the full weight of his guilty plea. (Def.'s Moving Br. 4-7, ECF No. 66-1.)

The Government argues that Defendant has failed to meet his burden because: (1) he has not asserted his innocence to the charges to which he pled guilty; (2) he has not adequately demonstrated that his former counsel's conduct amounts to a viable claim of ineffective assistance of counsel; and (3) the Government would be prejudiced by the withdrawal of Defendant's guilty plea. (Gov't's Opp'n Br.1-2, ECF No. 69.)

*First*, the Court must consider whether Defendant has credibly asserted his innocence. *Jones*, 336 F.3d at 252-53. Here, Defendant has not asserted his actual innocence of the charges to which he pleaded guilty. (*See* Def.'s Cert. ("Cert.") ¶ 4, ECF No. 66-2 (explaining that "Counts [Two], [Three,] and [Four] charge me with possession of CDS on those defined dates with intent to distribute same[,]" and that "[t]hose charges I still wish to enter a guilty plea").) Defendant has, however, asserted his innocence to Count One of the Indictment, the conspiracy charge. (*Id.* ¶ 3.) Defendant contends that the Relevant Conduct included in Schedule A of the Plea Agreement amounted to, "in essence[, him] pleading guilty to the conspiracy count." (*Id.* ¶ 7.) He submits that the original plea agreement that he rejected—which included a guilty plea to Count One—and the Plea Agreement that he accepted—in which the Government dropped Count One, were not actually different because, according to Schedule A of the Plea Agreement, he "was to be sentenced on the drug weight" included in Count One. (*Id.* ¶ 8.) Defendant, additionally, asserts his actual innocence on Count One of the Indictment (the conspiracy count), and contends that "I have always maintained my innocence on that Count." (*Id.* ¶ 3.) Because Defendant asserts his actual innocence

to Count One and appears to have a fundamental misunderstanding of how the Relevant Conduct will impact his ultimate sentence, the Court finds that this factor weighs in favor of permitting Defendant to withdraw his guilty plea.

*Second*, the Court must weigh Defendant's reasons for withdrawal. *James*, 928 F.3d at 253. Here, Defendant maintains that had he "known the full consequences[,]" he would "have never pled guilty to the '[R]elevant [C]onduct'[.]" (Def.'s Moving Br. 1, 6.) Defendant contends that he would have gone to trial instead. (*Id.* at 7.) Again, because there appears to be a fundamental misunderstanding of how the Relevant Conduct will affect Defendant's sentencing, the Court finds that this factor weighs in favor of permitting Defendant to withdraw his guilty plea.

*Third*, the Court must weigh the prejudice to the Government of permitting Defendant to withdraw his guilty plea. *Jones*, 336 F.3d at 255. The Government contends that it would be prejudiced by the withdrawal of Defendant's plea because its witnesses and attorneys were already preparing to proceed to trial in May 2024 when Defendant signed the Plea Agreement. (Gov't's Opp'n Br. 12.) It submits that preparing for trial all over again would be prejudicial. (*Id.*) The Court agrees with the Government and finds that this factor weighs against permitting Defendant to withdraw his guilty plea.

In sum, however, the Court places significant weight on the fact that it has not yet accepted the Plea Agreement. (Plea Hr'g Tr. 16:20-23.) Based on Defendant's fundamental misunderstanding of how the Relevant Conduct included in Schedule A of the Plea Agreement will affect his sentencing, the Court finds that there are fair and just reasons for permitting Defendant to withdraw his guilty plea. *United States v. Stewart*, 51 F. Supp. 2d 1147, 1161 (D. Kan. 1999) (explaining that "[t]he existence of a fundamental misunderstanding of the requirements and operation of the plea agreement is a fair and just reason for permitting [a] defendant to withdraw

his plea" (citation omitted)), *aff'd*, 215 F.3d 1338 (10th Cir. 2000); *United States v. Long*, No. 23-635, 2025 WL 1079061, at *2 (N.D. Ohio Apr. 8, 2025) ("Withdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement.").

IV.  **CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Withdraw is granted. The Court will issue an Order consistent with this Memorandum Opinion.

                                                       /s/ Michael A. Shipp
                                                     MICHAEL A. SHIPP
                                                     UNITED STATES DISTRICT JUDGE

DATED: 2/2/, 2026